# Supreme Court of Texas

No. 26-0206

In re Warwick Construction, Inc., Bustamante Construction, and DLC General Construction Services, Inc.,

*Relators*

On Petition for Writ of Mandamus

JUSTICE YOUNG, dissenting from the denial of the petition for writ of mandamus.

In the trial court, relators invoked Texas Rule of Civil Procedure 190.5(b) to seek a limited reopening of discovery. The court refused. The pending petition for writ of mandamus challenges that decision, and a pending motion asks us to stay the trial until we resolve the petition. The Court ordered a response to the petition, but trial is scheduled to begin before that response would have been due. The response to relators' motion for stay provides only a conclusory assertion that the trial court's discovery decision was justified, thus providing no substantive rebuttal to relators' assertions. Under these circumstances, I believe that the Court's denial of the mandamus petition is premature, and I respectfully dissent.

While I express no final view about whether the decision to deny access to discovery under the circumstances of this case constitutes error (much less the kind that warrants correction by mandamus), I am

sufficiently troubled by that decision to think that the trial should be stayed until we can make that assessment. Proceeding to trial will likely moot the mandamus petition, which is presumably why the Court now denies it despite having asked for a response. To be clear, the Court has no obligation to prevent mootness for the sake of preventing mootness; otherwise, anyone could stop a trial just by filing a mandamus petition. But the Court always has the authority to protect its jurisdiction, and I would exercise that authority now in light of relators' arguments. To my knowledge, this Court has never construed Rule 190.5(b), but its language appears mandatory, and I am concerned that the trial court may be depriving relators of a critical opportunity to conduct discovery regarding an alleged design change.

I fully recognize how difficult and disorienting it can be for a scheduled trial to be put on hold. But proceeding to trial under these circumstances may turn out to be less efficient than one may hope. If relators' contentions are correct, then their ability to proceed at trial may be "completely vitiated or severely compromised." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018). Any victory in the trial court for the real parties in interest would be clouded from the start by what would turn out to be a pretty compelling appellate issue. The trial would have been for nothing, thus harming both sides and wasting precious judicial resources. Delaying the trial, by contrast, would all but ensure that any trial would proceed on a firm foundation. As I see it, the risk of proceeding outweighs the risk of pushing the pause button and resolving the scope of the Rule 190.5(b) issue.

Whether this Court will grant a stay is a matter committed to its sound discretion, weighing the various legal and equitable considerations

2

that always present themselves. I would strike the balance differently than the Court does, but I do not regard its choice as unreasonable.

All that said, there may yet be time enough for the trial court to avoid what could turn out to be reversible error. Perhaps the court could allow a limited amount of last-minute discovery into the design issue—enough to allow relators to present their case at trial. If the court does not do so, and if that decision prejudices relators, I fully anticipate that the court of appeals and, if necessary, this Court, will carefully consider whether any violation of Rule 190.5(b) probably caused the rendition of an improper judgment. This case may well end up providing a basis for developing the law surrounding Rule 190.5(b). Whether that opportunity requires a wasteful second trial, further delay for the parties, and additional usage of scarce judicial resources is up to the trial court and the parties.

Evan A. Young
Justice

**OPINION FILED:** April 24, 2026

3